# United States District Court
## Western District Of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987)<br>**RE-SENTENCING** |
| V. | Case Number: 97-CR-74-C-01 |
| **CHRISTOPHER BELL** | Defendant's Attorney: ALAN HABERMEHL |

The Defendant, Christopher Bell,
pleaded guilty to count 1 of the indictment.

Counts 11, 12, and 13 of the indictment are dismissed on the motion of the United States.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Cocaine Base, a Schedule II Controlled Substance; a Class A felony | August 1, 1997 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.**

| | | | |
|---|---|---|---|
| **Defendant's Soc. Sec. No.:** | 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 | | May 27, 2008 |
| **Defendant's Date of Birth:** | September 4, 1974 | | Date of Imposition of Judgment |
| **Defendant's USM No.:** | 04220-090 | | /s/ Barbara B. Crabb |
| **Defendant's Residence Address:** | 1806 Fayette<br>Beloit, WI 53511 | | Barbara B. Crabb<br>District Judge |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | | June 9, 2008 |
| | | | Date Signed: |

Case: 3:97-cr-00074-bbc   Document #: 623   Filed: 06/11/08   Page 2 of 6

AO 245 B (Rev. 7/93)(N.H. Rev.)　　　　　DEFENDANT: CHRISTOPHER BELL
　　　　　　　　　　　　　　　　　　　　CASE NUMBER:   **97-CR-74-C-01**　　　　Second Amended Judgment - Page 2 of 6

# IMPRISONMENT

As to count one of the indictment, it is ordered that the amended judgment entered on March 12, 1998, is amended again to provide that defendant is to be committed to the custody of the Bureau of Prisons for a term of 154 months.

In all other respects, the judgment remains as entered on March 12, 1998.

The Court makes the following recommendations to the Bureau of Prisons:

I recommend that defendant be given the opportunity to participate in the Bureau of Prisons' Intensive Drug Treatment Program and that defendant spend the last 120 days of his confinement in a community corrections center with work release privileges.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Marshal

Case: 3:97-cr-00074-bbc   Document #: 623   Filed: 06/11/08   Page 3 of 6

AO 245 B (Rev. 7/93)(N.H. Rev.)     DEFENDANT: CHRISTOPHER BELL     CASE NUMBER: **97-CR-74-C-01**     Second Amended Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, defendant shall be on supervised release for a term of 60 months as to count 1.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm or destructive device while on supervised release.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

Defendant shall also comply with the following special conditions:

1)     Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

(2)     Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process. (*Language amended*)

3)     Provide financial documents to the supervising U.S. probation officer as directed; and

4)     Allow searches by the supervising U.S. probation officer of any residence or property under defendant's control where there is reason to believe defendant is in possession of illegal narcotics, stolen materials, firearms or other contraband and permit confiscation of any contraband materials.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

Case: 3:97-cr-00074-bbc   Document #: 623   Filed: 06/11/08   Page 5 of 6

AO 245 B (Rev. 7/93)(N.H. Rev.)    DEFENDANT:  CHRISTOPHER BELL    CASE NUMBER:  **97-CR-74-C-01**    Second Amended Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $0.00 |
| **Total** | $100.00 | $0.00 | $0.00 |

# RESTITUTION

Case: 3:97-cr-00074-bbc   Document #: 623   Filed: 06/11/08   Page 6 of 6

AO 245 B (Rev. 7/93)(N.H. Rev.)   DEFENDANT: CHRISTOPHER BELL
CASE NUMBER:   **97-CR-74-C-01**   Second Amended Judgment - Page 6 of 6

Payments shall be applied in the following order:
- (1) assessment;
- (2) restitution;
- (3) fine principal;
- (4) cost of prosecution;
- (5) interest;
- (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.