IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

         v.                      97-cr-74-bbc-01

CHRISTOPHER BELL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Christopher Bell's supervised release was held on November 20, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney David J. Reinhard. Defendant was present in person and by counsel, Robert T. Ruth. Also present was United States Probation Officer Michael J. Nolan.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on December 9, 1997, following his conviction of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. This offense is a Class A felony. He was committed to the custody of the Bureau of Prisons to serve a term of life imprisonment. Defendant's sentence was amended on March 6, 1998, to 240 months' custody, with a 60-month term of supervised release to

follow.  His sentence was amended a second time on May 27, 2008, to 154 months' custody with a 60-month term of supervised release.

Defendant began his term of supervised release on October 28, 2008.  On January 13, 2009, he violated the mandatory condition prohibiting him from committing another federal, state or local crime, when he sold 5.69 grams of crack cocaine.  On September 16, 2009, he was found guilty by jury of distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

Defendant's conduct falls into the category of a Grade A violation.  Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon the finding of a Grade A violation.  Under 18 U.S.C. § 3583(g)(1), revocation is mandatory for possession of a controlled substance.

CONCLUSIONS

Defendant's violation requires revocation.  Accordingly, the 60-month term of supervised release imposed on defendant on May 27, 2008, will be revoked.

Defendant's criminal history category is VI.  With a Grade A violation, his advisory guideline term of imprisonment is 51 to 60 months.  The top of the guideline range would be 63 months were it not for the fact that the statutory maximum sentence is 60 months, as outlined in 18 U.S.C. § 3583(e)(3).

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range.  The intent of this

sentence is to hold defendant accountable for his violation and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 27, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 60 months with no supervised release to follow. This term of imprisonment is to be served concurrently with defendant's term of imprisonment imposed in Western District of Wisconsin case no. 09-cr-19-bbc-01.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 20th day of November 2009

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge

3